Leo Brown, J.
This is a motion to permit late filing of a notice of claim against the Board of Education of the City of New York pursuant to section 50-e of the General Municipal Law.
The infant claimant seeks recovery for personal injuries due to negligence. It appears that on June 13,1972 the infant claimant, 14 years of age, was injured when her teacher at Junior High School No. 192 closed the door of the classroom on her right hand. Prior to August 8,1972 the mother retained an attorney *619 who served a notice of claim on August 9 on the City of New York. Through inadvertence of the attorney, however, a notice of claim against the Board of Education, though prepared, was not served on the board. The infant is one of six children. The mother has been separated from her husband (now in Alabama) for several years.
An application for the relief here sought was made in the Civil Court, Queens County, on December 11, 1^72, but that court denied the motion on the ground that it should have been made at Special Terrá of the Supreme Court under subdivision 5 of section 50-e of the General Municipal Law. This motion followed, returnable on January 16, 1973.
The affirmation in opposition makes no claim that the Board of Education has been prejudiced in any respect by the lapse of time or the failure to serve a timely notice.
Subdivision 5 of section 50-e of the General Municipal Law permits the court to grant leave to serve a notice of claim after the expiration of the 90-day period ‘ ‘ where the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim within the time specified ”, provided that the application for leave is made within one year after the happening of the event.
The most recent pronouncement of our Court of Appeals on the meaning and effect of this provision is found in Matter of Murray v. City of New York (30 N Y 2d 113). The court there held (p. 116) that the delay must “ be the product of the infancy itself ” and went on to say, “ The fact of the prescribed nexus between disability and delay, however, has been the subject of differing approaches among and within the various judicial departments.” The court pointed out (pp. 117-118) that the Second Department, among others, has refused to hold that the neglect or laches of counsel must work a forfeiture of the infant’s rights “ where it may reasonably be inferred that the delay in any substantial degree is attributable to the fact of infancy that “ the infant’s age, physical and mental capacity have been deemed relevant considerations that “ the courts have distinguished between the applications of infants still within the more tender years, the ‘ middle years ’ and those of riper age ”, and that only where the infant has reached “ the ages of 18-20, will he be held strictly accountable for a failure to comply with the statutory directive, whether it be his neglect or that of his parents or retained counsel ”. The court then held (p. 118) that the relevance of these indicia ‘ ‘ must depend upon particular facts presented by each, case.”
*620 Finally, the court stated (p. 119): “ The thread of consistency binding these cases construing section 50-e together, resides, ultimately, in the fact that a determination as to the cognisable relation between infancy and the delay is a matter committed to the sound discretion of the court, to be exercised in light of all the facts and relevant circumstances in a given case. * * * Where satisfied that the court has acted within the perimeters of reason, we have consistently affirmed the exercise of discretion whether it has been invoked to sustain or deny grants of permission for late filing”. (Emphasis supplied.)
Here, the infant, a girl, was barely 14 yearp of age. The mother was a domestic employed to do house chores in various homes and difficult to communicate with. She was, moreover, burdened with the care of six children. The infant was without the guidance or assistance of a father, for he had abandoned the family several years before. Furthermore, a timely notice of claim which explicitly set forth the name and location of the school where the incident took place and the name of the teacher involved had been served upon the City of New York and hence upon the Corporation Counsel. The Corporation Counsel is attorney for the Board of Education as well as for the city. Consequently, it can be said that the board, too, had knowledge of the incident. This was notice upon which the infant because of her tender years and lack of experience and knowledge could be expected to rely. In these circumstances, it is clear, that there was a cognizable relationship between the infancy and the failure to serve a timely notice of claim on the Board of Education". (Kern v. Central Free School Dist. No. 4, Town of Brookhaven, 25 A D 2d 867; Matter of Spanos v. Town of Oyster Bay, 23 A D 2d 881, affd. 16 N Y 2d 951; Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951.)
Cases such as Matter of Weber v. New York City Tr. Auth. (28 A D 2d 685), where the infant was 20 years of age, and Di Canio v. County of Nassau Public Water Works (33 A D 2d 777), where the infant was 17 years of age, do not lead to a different conclusion. In those cases, it was the age of the infant which led to the decisions against permitting late service of a notice of claim. The court recognizes, too, that the Appellate Division of this Department has denied the infant leave to make late service in such cases as Anderson v. County of Nassau, (31 A D 2d 761) and McKay v. Village of Mamaroneck (35 A D 2d 731). However, in those cases, the majority of the court have not stated the facts- on which they predicated their contrary *621 decision, and it must be assumed that the facts of the particular case were the basis for the particular exercise of discretion.
In view of all of the facts and relevant circumstances in this case, in light of the principles enunciated in Matter of Murray v. City of New York (30 N Y 2d 113, supra), and in the exercise of discretion, the court is of the opinion that the infant’s application for leave to make late service of a notice of claim upon the Board of Education of the City of New York should be granted.
The mother has not shown that she was V mentally or physically incapacitated” (General Municipal Law, § 50-e, subd. 5) resulting in her failure to serve a timely notice of claim against the Board of Education regarding her derivative action for loss of services. Accordingly, the application as to her is denied.